entered May 21, 1926, modifying and affirming as modified a judgment in an action to foreclose a mechanic's lien. The defendant-respondent entered into a contract with a builder for the erection of two houses. Before completion the builder abandoned the work and liens for material and labor were filed against the buildings by materialmen and a workman. The owner proceeded to finish the work. Upon trial of this action the owner was allowed the cost of completing the buildings and for loss arising from delay in completion by reason of the default of the contractor and the balance of the contract price was awarded to the workman to be applied on his lien for labor. The Appellate Division modified so as to provide for payment of the whole of the workman's lien.

*Howard E. Taylor* and *Ralph L. Emmons* for appellants. *Rollin W. Meeker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

NICHOLAS SOLKO, Respondent, *v.* HAY FOUNDRY AND IRON WORKS, INC., Appellant.

*Negligence — res ipsa loquitur — workmen injured through collapse of derrick.*

Solko v. Hay Foundry & Iron Works, Inc., 218 App. Div. 761, affirmed.

(Argued April 4, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was employed as a concrete worker on a building in course of construction and defendant had the contract for and was engaged in placing the

structural steel and iron work. Defendant's workmen had raised a derrick on the fourteenth floor to hoist material. While a load of beams was being hoisted the derrick gave way and fell through to the seventh floor. Plaintiff, who was working in the basement, was struck by an angle plate and severely injured.

*John T. Loughran* and *Robert H. Charlton* for appellant. *Edgar J. Treacy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MARY DAPORTA, as Administratrix of the Estate of BERNARDO DAPORTA, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Negligence — railroads — workman on railroad tracks struck by train backing without warning.*

*Daporta* v. *Erie R. R. Co.*, 218 App. Div. 854, affirmed.
(Argued April 4, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action brought by plaintiff's intestate to recover for personal injuries alleged to have been sustained by him through the negligence of defendant. Intestate died after entry of judgment in his favor and his administratrix was substituted in his stead. In the course of his employment as track laborer intestate was one of a gang of men tamping the roadbed. Compressed air machines were used. The hose furnishing air to one of the machines having become disconnected near where intestate was at work, he proceeded to reconnect it and while doing so was struck by one of defendant's trains which, it was alleged, backed down upon him without warning and received the injuries complained of.