■ JUDITH LIPPMAN et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 61263.) — Appeal from an order of the Court of Claims (Quigley, J.), entered May 6, 1980, which denied claimants' motion for summary judgment. On February 25, 1977, claimants and others were injured at the Belleayre Mountain Ski Center, owned and operated by the State of New York, when the chair lift upon which they were riding apparently malfunctioned. It appears that it was the intention of all claimants to try all claims together, but due to circumstances with which this appeal is not concerned, only *Fossan v State of New York* was tried and concluded and the State was found to be negligent. At the argument in this court it was stated, without dispute, that no appeal was taken in *Fossan* and that the finding of negligence is thus final and binding on the parties to that action. It is the State's contention on this appeal that summary judgment based on collateral estoppel or issue preclusion should not be granted on the issue of negligence for various reasons. The State's contention is without merit. In the *Fossan* case, the decision of the court mentioned two separate approaches to establish the State's negligence: *res ipsa loquitur* and common-law breach of duty. The court found the State negligent without designating any particular theory, but it is apparent that there is no inconsistency in theories as far as the finding of negligence is concerned. It is further contended that on the trial of the present claims additional witnesses would be called and that the State did not fully litigate the issue in the *Fossan* trial due to the relatively minor injuries which would govern the award. This court concludes that the State was afforded a full and fair opportunity to litigate any and all issues during the *Fossan* trial and its failure to so proceed cannot now be made the basis for avoiding the application of collateral estoppel. There is no claim here of the discovery of new evidence. From an examination of the record it cannot be seriously disputed that the claimants herein are raising identical issues and alleging in their claims the same

negligence. The finding of the State's negligence is uncontroverted and may not be retried. The claimant Catherine Tucker is in a somewhat different position. The records establish that she "bailed out" of her chair when she saw the two chairs in front of her fall to the ground. Under these circumstances, a factual issue as to her contributory negligence is presented which the State is entitled to litigate, if it so elects. Order reversed, on the law, with one bill of costs to claimants; as to claimant Tucker, partial summary judgment granted on the issue of the State's negligence and matter remitted to the Court of Claims for trial of the issue of her contributory negligence; as to all other claimants, partial summary judgment granted on the issue of the State's negligence and matter remitted to the Court of Claims for trial of the issue of damages. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.