■ Katherine O'Connor et al., Appellants, v 72 Street East Corp. et al., Respondents, et al., Defendants. (And a Third and Second Third-Party Action.) [637 NYS2d 412] —Order,

Supreme Court, New York County (Elliott Wilk, J.), entered November 3, 1994 which granted third-party defendant Sloan Valve Company's ("Sloan") motion for reargument of plaintiffs' motion for partial summary judgment against Sloan on the issue of liability and, upon reargument, denied partial summary judgment, granted motions by the defendants for summary judgment dismissing those portions of the complaint seeking to recover damages for personal injuries; and granted Sloan's motion to transfer this action to Civil Court pursuant to CPLR 325 (d), unanimously modified, on the law and the facts, to the extent of granting partial summary judgment on the issue of liability in favor of plaintiffs against Sloan, and otherwise affirmed, without costs.

In view of the fact that there was no dispute that the valve manufactured by Sloan was defective, and that Sloan failed to submit any evidentiary proof in admissible form to rebut the permissible inference of negligence, summary judgment should have been granted based upon the doctrine of *res ipsa loquitur* (*Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327).

The IAS Court was correct in ruling that plaintiffs had no cause of action for emotional distress as recovery for emotional distress or ensuing physical injury may not be predicated upon the observation of damage to one's property (*see, Couri v Westchester Country Club*, 186 AD2d 712, 715, *lv dismissed in part and denied in part* 81 NY2d 912; *Stanley v Smith*, 183 AD2d 675).

Lastly, in light of the dismissal of plaintiffs' claims for emotional distress, we find no fault in the IAS Court's transfer of this matter to the Civil Court pursuant to CPLR 325 (d). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.