[851 NE2d 1143, 818 NYS2d 792]

Maria Morejon, as Administratrix of the Estate of Fabio Pardo, Deceased, Appellant, v Rais Construction Company et al., Respondents, et al., Defendants.

Argued March 29, 2006; decided May 9, 2006

## POINTS OF COUNSEL

*Philip J. Hoffman,* New York City, and *Zuller & Bondy, LLP (Thomas L. Bondy* of counsel), for appellant. I. The Appellate Division erred in failing to follow established and settled precedent that where a defendant fails to rebut an inescapable inference of negligence under the doctrine of res ipsa loquitur, judgment for a plaintiff is appropriate. (*Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *De Leon Lopez v Corporacion Insular de Seguros,* 931 F2d 116; *People v Eckert,* 2 NY2d 126; *Wittemann v Sands,* 238 NY 434; *Gillen v United States,* 281 F2d 425; *Caraballo v Paris Maintenance Co.,* 2 AD3d 275; *People v Geraci,* 85 NY2d 359; *Salathiel v State of New York,* 96 Misc 2d 72; *Matter of Spaid v Liverpool Cent. School Dist.,* 169 Misc 2d 41; *Delacy v Ettrich,* 217 AD2d 838.) II. Defendants-respondents Rais Construction Company, Cesar Amadeo Rais and Nora Sanchez waived their objection to the propriety of granting a plaintiff summary judgment based on the doctrine of res ipsa loquitur by opposing the underlying motions without ever raising, and thus preserving, this issue for appeal. (*Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Huston v County of Chenango,* 253 App Div 56, 278 NY 646; *Morales v County of Nassau,* 94 NY2d 218; *Matter of Edward B.,* 80 NY2d 458; *Gulf Ins. Co. v Kanen,* 13 AD3d 579; *Mastronardi v Mitchell,* 109 AD2d 825; *Recovery Consultants v Shih-Hsieh,* 141 AD2d 272; *Brent-Grand v Megavolt Corp.,* 97 AD2d 783; *Emmer v Emmer,* 69 AD2d 850.) III. The trial court's decision and order dated February 26, 2004 was correctly made and should be reinstalled and affirmed. (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260; *Cebula v Bonime,* 92 AD2d 856; *Detres v New York City Hous. Auth.,* 271 AD2d 309.)

*Faust Goetz Schenker & Blee LLP,* New York City (*Erika C. Aljens* of counsel), for respondents. I. Res ipsa loquitur is not an appropriate basis on which to grant summary judgment to plaintiff. (*Mejia v New York City Tr. Auth.,* 291 AD2d 225; *Martinez v City of New York,* 292 AD2d 349; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Foltis, Inc. v City of New York,* 287 NY 108; *Kambat v St. Francis Hosp.,* 89 NY2d 489; *Farina v Pan Am. World Airlines,* 116 AD2d 618; *Salter v Deaconess Family Medicine Ctr.,* 267 AD2d 976; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38; *Smith v Moore,* 227 AD2d 854; *O'Connor v 72 St. E. Corp.,* 224 AD2d 246.) II. Plaintiff-appellant has failed to establish that she was entitled to summary judgment to warrant reversal. (*Ziecker v Town of Orchard Park,* 75 NY2d 761; *Horth v Mansur,* 243 AD2d 1041.) III. Plaintiff-appellant's allegations that defendants-respondents failed to preserve the issues on appeal are without merit. (*Bingham v New York City Tr. Auth.,* 99 NY2d 355.)

*Fiedelman & McGaw,* Jericho (*Andrew Zajac, Dawn C. DeSimone, Rona L. Platt* and *Brendan T. Fitzpatrick* of counsel), for Defense Association of New York, Inc., amicus curiae. Plaintiffs are not entitled to summary judgment where their entire claim is based upon res ipsa loquitur. (*Nicklas v Tedlen Realty Corp.,* 305 AD2d 385; *St. Paul Fire & Mar. Ins. Co. v City of New York,* 907 F2d 299; *Eaton v New York Cent. & Hudson Riv. R.R. Co.,* 195 NY 267; *Cooke v Bernstein,* 45 AD2d 497; *Johnson v United States,* 333 US 46; *San Juan Light & Transit Co. v Requena,* 224 US 89; *Sweeney v Erving,* 228 US 233; *Jesionowski v Boston & Maine R. Co.,* 329 US 452; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Kambat v St. Francis Hosp.,* 89 NY2d 489.)

## OPINION OF THE COURT

ROSENBLATT, J.

In a personal injury or property damage case, it is plaintiff's burden to prove defendant negligent. Occasionally, however, a plaintiff to whom the defendant owes a duty of care is not in a position to prove directly what actually happened or that a specific act of the defendant was negligent. In a proper case, under the doctrine of res ipsa loquitur, the law allows a jury to consider the circumstantial evidence and infer that the defen-

dant was negligent in some unspecified way. (*See generally Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997].)[1]

On this appeal, we address defendants' assertion—supported by the Appellate Division—that circumstantial evidence (res ipsa) may never justify summary judgment for the plaintiff. We conclude that, while there is no rule or policy absolutely foreclosing that possibility, it should be a rare event. Here, open questions of fact remain.

## I.

Plaintiff, on behalf of the estate of Fabio Pardo, sued defendant Rais Construction Company, alleging that Pardo was fatally injured while delivering building materials to Rais Construction for a job it was doing at the residence owned by Barry and Susan Kleinman in Nassau County.[2]

At their depositions, Alejandro and Maria Pardo (Fabio's brother and sister-in-law) testified that Rais had engaged Fabio to pick up boxes from a hardware store and deliver them to the Kleinman house the morning of December 26, 1998, a Saturday. They claimed that they accompanied Fabio to the site, where a roll of roofing material fell from the roof and hit him on the head. They testified that a man at the house opened the door but neither Maria nor Alejandro could identify him, nor did they tell him that there had been an accident. Further, Maria acknowledged that Fabio did not seek any medical treatment for the injury until the end of February 1999. In his deposition, Cesar Rais testified that he never left roofing materials on the Kleinmans' roof, implying that none were there on December 26. Rais also testified that his crew stopped work at the site three days before the incident. Barry Kleinman supported Rais's assertions.

Rais further stated that he did not engage Fabio to do any work on the day in question or even during the previous several weeks, having let him go weeks before out of concern that Fabio's extreme headaches were posing a safety problem for Fabio and others. Rais added that it was not until April of 1999 that

---

**1.** *See also Dermatossian v New York City Tr. Auth.* (67 NY2d 219, 226 [1986]); Restatement (Third) of Torts: Liability for Physical Harm § 17 (Tentative Draft No. 1, Mar. 28, 2001); Prosser and Keeton, Torts, at 258 (5th ed 1984); Dobbs, Torts, at 370 (2001); PJI3d 2:65 (2006).

**2.** The motion court dismissed the complaint against the Kleinmans, who are not involved in this appeal, leaving defendants Rais Construction Company, and its principals Cesar Rais and Nora Sanchez (the Rais defendants).

he was told about the alleged accident. Barry Kleinman testified that he was at the house the afternoon of December 26, 1998 and saw no evidence of work being done. He said it had snowed the day before and there were no tracks or disturbances in the fresh snow.

In resisting plaintiff's motion for summary judgment, defendants argued that there were disputed questions of fact, including whether the accident had even occurred. Supreme Court initially denied the motion but on reargument granted plaintiff summary judgment against the Rais defendants on the basis of res ipsa loquitur. The Appellate Division reversed, stating that res ipsa loquitur "may not be used as the basis for granting summary judgment in favor of a plaintiff on the issue of liability" (18 AD3d 632, 633 [2d Dept 2005]). Because there are questions of fact precluding summary judgment for the plaintiff, we affirm. We disagree, however, with the Appellate Division's statement that res ipsa loquitur may never serve as a basis for granting a plaintiff summary judgment.

## II.

In addressing the procedural role of res ipsa loquitur, it is useful to examine the development of the doctrine itself. This Court used the term "res ipsa loquitur" for the first time in *Mullen v St. John* (57 NY 567, 570 [1874]), in which a part of a building fell on the plaintiff. "Buildings properly constructed do not fall without adequate cause," we said. (*Id.* at 569.)

> "If there be no tempest prevailing or no external violence of any kind, the fair presumption is, that the fall occurred through adequate causes, such as the ruinous condition of the building, which could scarcely have escaped the observation of the owner. The mind is thus led to a presumption of negligence on his part, which may, of course, be rebutted. In the absence of explanatory evidence, negligence may be presumed." (57 NY at 569-570.)[3]

Citing an English case (*Kearney v London, Brighton, & S. Coast Ry. Co.*, 1869-1870 LR [5 QB] 411 [1870]), the Court

---

**3.** Note that the Court spoke of a "presumption of negligence." More about this later.

expressly espoused the doctrine of res ipsa loquitur,[4] and up-
held the judgment for plaintiff based on the jury's verdict.
After *Mullen*, and for about 30 years, the Court heard a
number of res ipsa loquitur cases and was almost uniformly
inhospitable to the plaintiffs or the doctrine.[5] Slowly thereaf-
ter, res ipsa loquitur gained general acceptance with us,[6] but
there was some confusion over the doctrine's procedural ef-
fects. Courts, including ours, used "prima facie case,"
"presumption of negligence" and "inference of negligence"
interchangeably even though the phrases can carry different
procedural consequences. One case went so far as to use all
three interchangeably.[7]

---

4. In *J. Russell Mfg. Co. v New Haven Steamboat Co.* (50 NY 121 [1872]),
decided two years before *Mullen*, the Court reached a similar result without
using the term "res ipsa loquitur," concluding that the trial court erred in
directing a verdict for the defendant. For an English case even earlier than
*Kearney*, see *Byrne v Boadle* (2 H & C 722, 159 ER 299 [1863]), perhaps the
first of the genre. For a discussion of the historical context in which the doc-
trine developed, see Witt, *Toward a New History of American Accident Law:
Classical Tort Law and the Cooperative First Party Insurance Movement* (114
Harv L Rev 690, 772-773 [2001]).

5. (*Wiedmer v New York El. R.R. Co.*, 114 NY 462 [1889]; *Cosulich v Stan-
dard Oil Co.*, 122 NY 118 [1890]; *Flinn v New York Cent. & Hudson Riv. R.R.
Co.*, 142 NY 11 [1894]; *Loudoun v Eighth Ave. R.R. Co.*, 162 NY 380 [1900];
*Kay v Metropolitan St. Ry. Co.*, 163 NY 447 [1900]; *Wolf v American Tract
Socy.*, 164 NY 30 [1900]; *Griffen v Manice*, 166 NY 188 [1901]; *Welsh v Cor-
nell*, 168 NY 508 [1901]; *Crowley v Rochester Fireworks Co.*, 183 NY 353
[1906]; *Duhme v Hamburg-American Packet Co.*, 184 NY 404 [1906]; *Cun-
ningham v Dady*, 191 NY 152 [1908]; *Robinson v Consolidated Gas Co. of
N.Y.*, 194 NY 37 [1909]; *Henson v Lehigh Val. R.R. Co.*, 194 NY 205 [1909];
*Ferrick v Eidlitz*, 195 NY 248 [1909]; *Eaton v New York Cent. & Hudson Riv.
R.R. Co.*, 195 NY 267 [1909]; *Conyes v Oceanic Amusement Co.*, 202 NY 408
[1911]; *Hardie v Boland Co.*, 205 NY 336 [1912]). In *Hogan v Manhattan Ry.
Co.* (149 NY 23 [1896]), the Court affirmed a judgment, based on a jury verdict,
for a plaintiff who was hit by an iron bar that fell from an elevated railway,
but did not use the phrase "res ipsa loquitur." *Rosenstein v Vogemann* (184
NY 325 [1906]) may also qualify as an exception to the Court's seeming resis-
tance to res ipsa loquitur during that era.

6. See e.g. *Newell v Brooklyn Bus Corp.* (280 NY 650 [1939]) (affirming
verdict for plaintiff with no opinion); *Bressler v New York R.T. Corp.* (277 NY
200 [1938]); *Lessig v New York Cent. R.R. Co.* (271 NY 250 [1936]); *Tortora v
State of New York* (269 NY 167 [1935]); *Solko v Hay Foundry & Iron Works,
Inc.* (245 NY 554 [1927]) (affirming verdict in favor of the plaintiff without
opinion); *Pierson v Interborough R.T. Co.* (227 NY 666 [1920]) (affirming
verdict in favor of the plaintiff without opinion).

7. (*Plumb v Richmond Light & R.R. Co.*, 233 NY 285 [1922].) A contempo-
rary law review article described the confusion that arises from the failure to
use the three terms distinctively (Rosenthal, *The Procedural Effects of Res
Ipsa Loquitur in New York*, 22 Cornell L Q 39 [1936]).

In *Foltis, Inc. v City of New York* (287 NY 108 [1941]), a pivotal case, we reversed the grant of a directed verdict for the plaintiff. The Court emphasized that when dealing with res ipsa loquitur, the indiscriminate use of the terms "presumption" and "inference" caused procedural problems. The Court held that res ipsa loquitur does not create a presumption of negligence against the defendant. Rather, the circumstantial evidence allows but does not require the jury to infer that the defendant was negligent. The Court went on to state that res ipsa loquitur evidence does not ordinarily or automatically entitle the plaintiff to summary judgment or a directed verdict, even if the plaintiff's circumstantial evidence is unrefuted.

We stand by those principles, and in the context of this appeal, reaffirm that only in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment or a directed verdict. That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable.

Drawing on a number of cases that had fashioned the criteria for res ipsa loquitur, and relying on Prosser, the Court listed these criteria in *Corcoran v Banner Super Mkt.* (19 NY2d 425 [1967]):

> "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." (19 NY2d at 430, quoting Prosser, Torts § 39, at 218 [3d ed].)

Our more recent decisions have generally followed this formulation (*see e.g. States v Lourdes Hosp.*, 100 NY2d 208 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]), and the case at hand gives us no reason to change it. We have not, however, discussed the summary judgment or directed verdict aspects of the doctrine in the 65 years since *Foltis*. Over the last century, the Appellate Division has held barely more than a dozen times that a plaintiff is entitled to summary judgment or a directed verdict in res ipsa loquitur cases.[8] An approach that sparing is

---

**8.** *See Thomas v New York Univ. Med. Ctr.*, 283 AD2d 316 (1st Dept 2001); *Salter v Deaconess Family Medicine Ctr.* (appeal No. 2), 267 AD2d 976 (4th

consistent with *Foltis*, and in accord with the treatise commentators.[9]

Since *Foltis*, our courts have grown more sensitive to the differences between inferences and presumptions, recognizing that terminology can carry varying procedural implications.[10] But the line is sometimes blurry, and on occasion, courts have still referred to res ipsa loquitur as creating a *presumption*, as opposed to an inference, of negligence.[11] Indeed, Wigmore has characterized res ipsa loquitur as raising a presumption of negligence, as have a number of courts in other jurisdictions.[12] The difficulty in applying a presumption or an inference has

Dept 1999); *Harmon v United States Shoe Corp.*, 262 AD2d 1010 (4th Dept 1999); *O'Connor v 72 St. E. Corp.*, 224 AD2d 246 (1st Dept 1996); *Smith v Moore*, 227 AD2d 854 (3d Dept 1996); *Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327 (1st Dept 1989); *Farina v Pan Am. World Airlines*, 116 AD2d 618 (2d Dept 1986); *Cebula v Bonime*, 92 AD2d 856 (2d Dept 1983); *Lippman v State of New York*, 83 AD2d 700 (3d Dept 1981); *Notice v Regent Hotel Corp.*, 76 AD2d 820 (1st Dept 1980); *Horowitz v Kevah Konner, Inc.*, 67 AD2d 38 (1st Dept 1979); *Derrell v Nassau County Med. Ctr.*, 73 AD2d 682 (2d Dept 1979); *Richard Equip. Corp. v Manhattan Indus. Contr. Co.*, 9 AD2d 691 (2d Dept 1959); *see also* Restatement (Third) of Torts: Liability for Physical Harm § 17, Reporters' Note, Comment *j* (Tentative Draft No. 1, Mar. 28, 2001) ("[O]n some occasions the force of circumstantial evidence can be such as to call for a directed verdict for the plaintiff").

**9.** *See* Prosser and Keeton, Torts, at 258 (5th ed 1984); Restatement (Third) of Torts: Liability for Physical Harm § 17, Reporters' Note, Comment *j* (Tentative Draft No. 1, Mar. 28, 2001); *see generally* Glenn, *Res Ipsa Loquitur as Ground for Direction of Verdict in Favor of Plaintiff*, 97 ALR2d 522 (1964).

**10.** *See generally* Prosser, *The Procedural Effect of Res Ipsa Loquitur*, 20 Minn L Rev 241 (1936).

**11.** *See e.g. Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324 (1st Dept 1999); *Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068 (4th Dept 1999); *Stanski v Ezersky*, 228 AD2d 311 (1st Dept 1996).

**12.** *See* 9 Wigmore, Evidence § 2508, at 375; § 2509 (3d ed 1940); *see e.g. Cox v Paul*, 828 NE2d 907, 912 (Ind 2005) ("*Res ipsa loquitor*, in some circumstances, merely permits the trier of fact to infer negligence. In others, it may function 'as a rule of policy which goes beyond the probative effect of circumstantial evidence, and requires the defendant to explain the event of circumstantial evidence or be liable.' If so, *res ipsa loquitor* may be 'given a greater procedural effect' by shifting the burden of proof to the defendant or creating a presumption of negligence" [citations omitted]); *Woodard v Custer*, 473 Mich 1, 6 n 2, 702 NW2d 522, 525 n 2 (2005) (" 'Res ipsa loquitur' is the '[r]ebuttable presumption or inference that defendant was negligent, which arises upon proof that the instrumentality causing injury was in defendant's exclusive control, and that the accident was one which ordinarily does not happen in absence of negligence' " [citation omitted]); *Palmer v Clarksdale Hosp.*, 206 Miss 680, 698, 40 So 2d 582, 586 (1949) ("the doctrine of res ipsa loquitur does not in any instance create a case of absolute liability, but simply raises a presumption or makes out a prima facie case of negligence to the extent that the defendant is called upon to meet it with an explanation").

generated some criticism in an analogous setting (*see* Allen, *Presumptions, Inferences and Burden of Proof in Federal Civil Actions—An Anatomy of Unnecessary Ambiguity and a Proposal for Reform*, 76 Nw U L Rev 892 [1982]) and one author has listed eight ways in which courts have used the term "presumption."[13]

In our own taxonomy in other contexts, we speak of "presumption[s] of law" (*Matter of Buccini v Paterno Constr. Co.*, 253 NY 256, 259 [1930]), "presumption[s] of fact" (*Myers v Bartholomew*, 91 NY2d 630, 636 [1998]), "conclusive presumption[s]" (*Cornell Univ. v Bagnardi*, 68 NY2d 583, 594, 595 [1986]), "rebuttable presumption[s]" (*Williams v City of New York*, 2 NY3d 352, 366 [2004]), "conflicting presumptions" (*Palmer v Palmer*, 162 NY 130, 133 [1900]) and "statutory presumption[s]" (*DeJesus v DeJesus*, 90 NY2d 643, 652 [1997]). Perhaps even more unsettling, we also hear of "mandatory inference[s]" (*West v Nabors Drilling USA, Inc.*, 330 F3d 379, 385 [5th Cir 2003]), "presumptive inference[s]" (*Matter of Hines v New York City Hous. Auth.*, 67 AD2d 1000, 1001 [2d Dept 1979]) and "permissive presumption[s]" (*County Court of Ulster Cty. v Allen*, 442 US 140, 157 [1979]). In *United States v Gainey* (380 US 63, 78 [1965] [dissenting op]), Justice Black stated that "[i]n its simplest form a presumption is an inference permitted or required by law . . . ."

In most of the post-*Foltis* res ipsa loquitur cases cited, the courts would likely have reached the same result whether by way of inference or presumption or some other word or phrase. We adhere, nevertheless, to our jurisprudence, in which we denominate res ipsa loquitur as creating an inference (as defined in this writing and our case law [*e.g. Kambat, supra*]).

## Conclusion

The dizzying array of formulations (from mandatory inferences to permissive presumptions), however, suggests that things would be far less complicated if we viewed the res ipsa loquitur/summary judgment issue without undue emphasis on labels and pigeonholes. Res ipsa loquitur is a phrase that, perhaps because it is in Latin, has taken on its own mystique, although it is nothing more than a brand of circumstantial evi-

---

**13.** *See* 2 McCormick, Evidence § 342, at 433 (5th ed 1999), citing Laughlin, *In Support of the Thayer Theory of Presumptions*, 52 Mich L Rev 195, 196-207 (1953).

dence.[14] Viewed in that light, the summary judgment (or directed verdict) issue may also be properly approached by simply evaluating the circumstantial evidence. If that evidence presents a question of fact as to the defendant's liability under the *Kambat/Corcoran* test for res ipsa loquitur, the case should go to trial. If the circumstantial evidence does not reach that level and present a question of fact, the defendant will prevail on the law. Alternatively, as we have said, the plaintiff should win summary judgment or a directed verdict in the exceptional case in which no facts are left for determination. This is not such a case. Here, there are material questions of fact for trial.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, etc.

---

**14.** *See* Grady, *Res Ipsa Loquitur and Compliance Error*, 142 U Pa L Rev 887, 913 (1994) ("The traditional consensus is that the doctrine, though a substantive one of tort, applies to cases in which the plaintiff possesses only circumstantial evidence that the defendant's negligence caused her injury").