■ Annie Lau, Appellant, v Alex Jenny Ky et al., Respondents. [880 NYS2d 510]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 14, 2007, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff moved for summary judgment on the issue of liability based upon a theory of res ipsa loquitur. "To rely on the doctrine of res ipsa loquitur, a plaintiff must demonstrate that (1) the injury is of a kind that does not [ordinarily] occur in the absence of someone's negligence, (2) the injury is caused by an agency or instrumentality within the exclusive control of the defendants, and (3) the injury is not due to any voluntary action on the part of the injured plaintiff" (*Simmons v Neuman,* 50 AD3d 666, 667 [2008]; *see Morejon v Rais Constr. Co.,* 7 NY3d 203, 209 [2006]). "[O]nly in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment or a directed verdict. That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (*Morejon v Rais Constr. Co.,* 7 NY3d at 209). The Supreme Court properly denied the plaintiff's motion because this burden was not met (*id.* at 212; *see Smalls v Mercy Med. Ctr.,* 50 AD3d 670 [2008]; *Simmons v Neuman,* 50 AD3d at 667). Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.