■ RENEE ELIASBERG, Respondent, v MEMORIAL SLOAN-KETTERING CANCER CENTER et al., Defendants, and MACKENZIE GROUP, INC., Appellant. [915 NYS2d 43]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 23, 2010, which, to the extent appealed from, denied defendant MacKenzie Group, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendant MacKenzie Group, Inc.

Defendant established that it did not have a service contract with the building manager, defendant Milford Management Corp.; that Milford was responsible for control and inspection of the sliding doors that caused plaintiff's injuries; that defendant performed work on the sliding doors on an as needed basis as determined by Milford; that it did not displace Milford's duty to maintain the doors in a safe condition; and that the record contains no evidence that it created an unreasonable risk of harm or increased a risk of harm on those occasions when it made repairs to the doors (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). In its last service call before the accident, defendant repaired the doors' track, not the sensors, which apparently caused the doors to close before plaintiff had passed between them. Although defendant had installed those sensors, there is no evidence that there were any problems with them. Neither plaintiff, who had visited the building many times before the accident, nor Milford, whose employees inspected the doors by walking through them, was aware of any malfunctions of the sensors between the date of the installation and the date of plaintiff's accident.

Plaintiff's expert failed to provide an evidentiary foundation for his conclusion that defendant failed to properly and timely repair, maintain and inspect the sliding doors (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]). In essence, the expert's opinion that defendant created a dangerous condition by improperly setting the sensors when it installed them was based on the fact that the accident happened.

Nor did plaintiff raise an issue of fact as to the applicability of the doctrine of res ipsa loquitur to this case, since the record

demonstrates conclusively that the doors and sensors were not within defendant's exclusive control (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.