■ ANTHONY BUNTING, Appellant, v THOMAS HAYNES, Respondent. [961 NYS2d 290]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated January 27, 2012, as denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of Keyspan/National Grid, alleg-

edly was injured when the staircase leading to the basement of the defendant's house collapsed as he was walking down the stairs to replace the water heater. At his deposition, the defendant testified that his home was newly constructed when he purchased it in 1963, and that he did not make any alterations or repairs to the staircase leading to the basement from the time he purchased his home until the time the accident occurred on February 4, 2010.

The plaintiff moved for summary judgment on the issue of liability, relying on the doctrine of res ipsa loquitur. In support of his motion, he submitted an affidavit from an expert, a certified safety professional, who opined that the accident occurred because the staircase was negligently constructed in that it was not properly fastened to the wall, and negligently maintained because the defendant failed to remediate a mold condition. The Supreme Court denied the motion.

The plaintiff's reliance on the doctrine of res ipsa loquitur was insufficient to establish his prima facie entitlement to judgment as a matter of law. A plaintiff must establish the following in order for the doctrine to apply: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 206 [2006]; *States v Lourdes Hosp.*, 100 NY2d 208, 211-212 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721 [2011]). Only in the rarest cases will a plaintiff be awarded summary judgment or judgment as a matter of law in the course of a trial by relying upon the doctrine of res ipsa loquitur (*see Morejon v Rais Constr. Co.*, 7 NY3d at 209; *Lau v Ky*, 63 AD3d 801, 801 [2009]).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law. Since the staircase was constructed prior to the defendant's ownership of the home, and the defendant did not make any alterations or repair to it, the plaintiff did not satisfy the second prong of the doctrine of res ipsa loquitur, which required proof of the defendant's exclusive control (*see Palomo v 175th St. Realty Corp.*, 101 AD3d 579 [2012]; *Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 742 [2007]; *Duncan v Corbetta*, 178 AD2d 459 [1991]; *Crosby v Stone*, 137 AD2d 785 [1988]). Given that the plaintiff's expert opined that the accident occurred either due to negligent construction

or negligent maintenance, the plaintiff did not establish, by sufficiently convincing circumstantial proof, "that the inference of defendant's negligence is inescapable" (*Morejon v Rais Constr. Co.*, 7 NY3d at 209).

Since the plaintiff failed to meet his prima facie burden in the first instance, his motion for summary judgment on the issue of liability was properly denied regardless of the sufficiency of the defendant's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.