■ GREGORY PAMPALONE, Respondent, v FBE VAN DAM, LLC, et al., Appellants. [1 NYS3d 155]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Fusco, J.), dated December 4, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint, and (2) an interlocutory judgment of the same court entered February 10, 2014, which, upon the order, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the appeal from the order is dismissed, as it was superseded by the interlocutory judgment; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, the plaintiff's motion for summary judgment on the issue of liability is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff's reliance on the doctrine of res ipsa loquitur was insufficient to establish his prima facie entitlement to judgment as a matter of law. A plaintiff must establish the following in order for the doctrine to apply: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it

must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 206 [2006]; *States v Lourdes Hosp.*, 100 NY2d 208, 211-212 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *Bunting v Haynes*, 104 AD3d 715 [2013]; *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721 [2011]). Only in the rarest cases will a plaintiff relying upon the doctrine of res ipsa loquitur be awarded summary judgment (*see Morejon v Rais Constr. Co.*, 7 NY3d at 209; *Bunting v Haynes*, 104 AD3d at 715; *Lau v Ky*, 63 AD3d 801, 801 [2009]).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. The submissions relied upon by the plaintiff in support of his motion, which included, inter alia, the excerpts of not only his deposition transcript, but also the excerpts of the deposition transcript of one of the employees of the defendant RD Management LLC, failed to satisfy the second prong of the doctrine of res ipsa loquitur, which required proof of the defendants' exclusive control of the staircase at issue (*see Palomo v 175th St. Realty Corp.*, 101 AD3d 579 [2012]; *Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 742 [2007]; *Duncan v Corbetta*, 178 AD2d 459 [1991]; *Crosby v Stone*, 137 AD2d 785 [1988]). Since the plaintiff failed to meet his prima facie burden, his motion for summary judgment on the issue of liability should have been denied regardless of the sufficiency of the defendants' opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint. In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence (*see Dhu v New York City Hous. Auth.*, 119 AD3d 728, 728 [2014]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]). Here, the defendants failed to make a prima facie showing that they did not create the alleged defective condition. Since the defendants failed to meet their prima facie burden in the first instance, their cross motion for summary judgment dismissing the complaint was properly denied regardless of the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Accordingly, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint, but it should also have denied the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.