■ STEVEN STERBINSKY et al., Respondents, v 780 RIVERSIDE DRIVE, LLC, Appellant. [29 NYS3d 792]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about March 13, 2015, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly awarded partial summary judgment on the issue of liability based upon the doctrine of res ipsa loquitur in this action where plaintiff Steven Sterbinsky, a cable television technician, was injured when, while walking on a metal grate on defendant's property, the grate collapsed causing him to fall down an air shaft. Defendant building owner failed to rebut the presumption of negligence arising from the collapse of the grate due to the corroded condition of the metal frame supporting it (*see O'Connor v 72 St. E. Corp.*, 224 AD2d 246 [1st Dept 1996]; *Kai Chan v 1058 Corp.*, 200 AD2d 434 [1st Dept 1994]; *Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327 [1st Dept 1989]). Defendant's assertion that the condition of the frame was a latent defect, not observable upon reasonable inspection, is belied by, inter alia, the testimony of the building's porter, who stated that the edges of the grate were rusted, and by the contemporaneous observations of plaintiff's coworker and supervisor. Furthermore, defendant's claim of no notice is unavailing because notice is inferred when res ipsa loquitur applies (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 129 AD3d 159 [1st Dept 2015]). Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.