*438 OPINION OF THE COURT
Lawrence H. Ecker, J.
The motion of Tom Bonacci and Barrie Bonacci, made pursuant to CPLR 3211 (b), to strike the first affirmative defense denying negligence on the part of defendant, and ascribing contributory negligence to plaintiff; to strike the fourth affirmative defense of failure to state a cause of action; to strike the fifth affirmative defense that defendant had no notice of the alleged dangerous condition; and pursuant to CPLR 3212, granting summary judgment as to liability, upon their showing that res ipsa loquitur is applicable to the facts as alleged against Brewster Service Station, Inc. The court determines as follows:
Plaintiff Tom Bonacci was injured when the Jeep he brought to defendant to check out a noise in the vehicle fell off the automobile lift at the garage while he and defendant’s employee Paul Gebing were standing in the bay of the garage. The accident took place on September 16, 2013 in Brewster, New York. Both Tom Bonacci and Gebing were injured. Plaintiffs* allege that the affirmative defenses outlined above should be dismissed, and further, that they have established liability pursuant to the doctrine of res ipsa loquitur.
In support of their claim, plaintiffs argue that defendant’s principal, Steven Presti, in his deposition testimony, has admitted that the accident could not have occurred except for negligence, and that Tom Bonacci’s presence within the bay in the vicinity of the lift could not have led to the occurrence. Although not a direct witness to the vehicle falling, Presti was working in the office at the time and heard a loud crash. He testified that the Jeep was “set up wrong” on the lift, which was due to “operator error,” namely Gebing, or mechanical failure.
In opposition, defendant argues that Tom Bonacci should not have been standing in the bay near the lift because there is signage advising customers that they are not permitted to enter the area (defendant’s exhibits B, C). Defendant argues that Presti’s opinion is not conclusive as to the issue of negligence, because he did not actually witness the occurrence, or the preparation of the vehicle prior to its being elevated on the lift. It is defendant’s position that Presti’s opinion is not an admission, but rather is based on speculation.
*439 In reply, plaintiffs cite Presti’s testimony regarding the lift that “the arm pulled out of the pivot arm when the Jeep fell off the lift,” while the lift was under Gebing’s control (plaintiffs’ exhibit D at 73). Had the two pieces been properly connected, the “operator error” would not have occurred. Again, Presti confirms that Tom Bonacci did nothing to contribute to the accident. Tom Bonacci’s testimony indicates that he was invited by Gebing to place himself under the vehicle in order to point out where he (Bonacci) believed the problem existed with the exhaust system. He was under the vehicle a matter of seconds when the vehicle dropped. At no time was he advised by Gebing to leave the area of the lift prior to the Jeep falling.
Plaintiffs aver that defendant has not argued against the dismissal of the affirmative defenses, but rather has opposed only the motion for summary judgment predicated upon res ipsa loquitur. The court agrees that defendant has not addressed the affirmative defenses. Hence, they are dismissed.
As to plaintiffs’ assertion that this is an appropriate case for the application of res ipsa loquitur, the court is aware that the granting of summary judgment on this basis is to be rarely exercised. (Morejon v Rais Constr. Co., 7 NY3d 203 [2006].) The granting of the motion would happen only when the plaintiff’s circumstantial proof is so convincing and the defendant’s response so weak that the inference of defendant’s negligence is inescapable. (Id. at 209; Giantomaso v T. Weiss Realty Corp., 142 AD3d 950 [2d Dept 2016]; Bunting v Haynes, 104 AD3d 715 [2d Dept 2013].) In Corcoran v Banner Super Mkt. (19 NY2d 425, 430 [1967]), cited in Morejon, the test to be applied in order to determine whether res ipsa loquitur applies, is (1) the event must be of a kind which ordinarily does not occur in the absence of someone’s negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (Morejon at 209).
Here, applying the three-prong test of Morejon given common experience, it would seem that the Jeep falling from the lift, as opposed to the lift itself being defective, occurred due to someone’s negligence. This is admitted by the opinion of Presti, defendant’s principal, who testified as to the licenses issued to his corporation and to him personally by the State of New York, and the fact he has operated the service station for 33 years. His experience bespeaks that his opinion is more than mere *440 speculation. As such, the court finds his opinion is in the nature of an admission. As to control of the instrumentality, there is no doubt that the lift, together with the placement of the Jeep on it, and its elevation, was solely within the control of defendant’s employee, Gebing, who was working within the scope of his employment. Lastly, there is no conduct on the part of plaintiff, other than his accepting the invitation by Gebing, which is not rebutted, to join him under the elevated vehicle, from which it can be argued that plaintiff contributed to the accident.
The court finds that this is one of those rare cases recognized by Morejon when res ipsa loquitur can be applied in order to determine whether plaintiff is entitled to summary judgment as to liability. The court’s research reveals that the issue arises primarily in medical malpractice cases (see Kambat v St. Francis Hosp., 89 NY2d 489 [1997]), and that this analysis requires a careful case by case examination of the facts. However, as recognized by Morejon (at 209 n 8), there have been nonmedical malpractice cases where the doctrine has been applied to justify the granting of a motion for partial summary judgment. (Harmon v United States Shoe Corp., 262 AD2d 1010 [4th Dept 1999] [summary judgment is properly granted in a res ipsa loquitur case where defendant has totally failed to rebut the inescapable inference of negligence], cited by Mejia v New York City Tr. Auth., 291 AD2d 225 [1st Dept 2002] [res ipsa loquitur was applicable on summary judgment motion where pedestrian was struck by a piece of ceiling while waiting for a train on a subway platform], cited by Flossos v Waterside Redevelopment Co., L.P., 108 AD3d 647 [2d Dept 2013] [genuine issue of material fact existed as to whether doctrine of res ipsa loquitur applied, precluding summary judgment for owner and managers of an apartment building on painter’s negligence claim, seeking to recover damages for injuries he sustained when a piece of ceiling he was painting fell down on him, propelling him and ladder on which he was standing to the floor].)
Here, the court finds that this is a case where the inference of res ipsa loquitur should apply as the evidence of defendant’s negligence is inescapable. (Morejon.)
Accordingly, it is hereby ordered that the motion by plaintiffs Tom Bonacci and Barrie Bonacci, as against defendant Brewster Service Station, Inc., made pursuant to CPLR 3211 (b), to dismiss the affirmative defenses above enumerated, is granted; *441 and it is further ordered that the motion by plaintiffs Tom Bonacci and Barrie Bonacci, as against defendant Brewster Service Station, Inc., made pursuant to CPLR 3212, for partial summary judgment on liability, is granted.

 Barrie Bonacci has brought a derivative claim as spouse.