■ AMARA FOFANA, Respondent, v NEW JERSEY TRANSIT COR-PORATION et al., Appellants. [43 NYS3d 748]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 18, 2016, which granted plaintiff's motion for summary judgment on the issue of liability and dismissing so much of the affirmative defenses as allege plaintiff's culpable conduct, unanimously affirmed, without costs.

The evidence showed that the owner defendants' unoccupied bus, which had been parked by defendant driver on a sloping street, began to roll down the street after its brakes made an alleged "hissing" sound, and struck the rear of plaintiff's taxi, which was waiting at a red light approximately 100 feet from where the bus had been parked. Plaintiff, who was injured as a consequence, testified at his deposition that he was stopped at a red light at the intersection for 10 to 15 seconds, and that during such time, he did not hear or see the bus until it struck the back of his taxi. The bus pushed plaintiff's taxi into the crosswalk where it hit a pedestrian.

Based on this evidence, a prima facie inference of negligence on defendants' part was inescapable, and there was no evidence of culpable conduct on plaintiff's part (see *Morejon v Rais Constr. Co.*, 7 NY3d 203 [2006]). Defendants' evidence, including the bus driver's testimony about his usual custom and practice, failed to raise a triable issue of fact as to defendants' alleged lack of negligence or plaintiff's alleged culpable conduct.

We have considered defendants' remaining arguments and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.