Barril v McClure (2018 NY Slip Op 05271)





Barril v McClure


2018 NY Slip Op 05271


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-04958
2016-06606
 (Index No. 22741/10)

[*1]Ramona Barril, appellant, 
v
Mark McClure, et al., respondents.


Worby Vecchio Edelman LLP, White Plains, NY (Michael G. Del Vecchio and Richard S. Vecchio of counsel), for appellant.
Kendric Law Group P.C., Garden City, NY (Christopher Kendric of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated March 21, 2016, and a judgment of the same court dated June 6, 2016. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The judgment, upon the jury verdict, and upon the order dated March 21, 2016, is in favor of the defendants and against the plaintiff, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and is further;
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff alleges that she was injured while walking down a street in New Rochelle when pizza dough trays being delivered by the defendant Mark McClure, an employee of the defendant Domino's Pizza, LLC (hereinafter together the defendants), fell on her. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of the defendants' negligence. After a trial on the issue of liability at which the plaintiff relied on the doctrine of res ipsa loquitur, the jury found that the defendants were not at fault in the happening of the accident. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and a judgment was entered dismissing the complaint. The plaintiff appeals.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Vittiglio v Gaurino, 100 AD3d 987, 987-988; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Chiara v Dernago, 128 AD3d 999, 1001). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 868).
For the doctrine of res ipsa loquitur to apply, a plaintiff must establish the following: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (Corcoran v Banner Super Mkt., 19 NY2d 425, 430; see Morejon v Rais Constr. Co., 7 NY3d 203, 209; States v Lourdes Hosp., 100 NY2d 208, 211-212; Kambat v St. Francis Hosp., 89 NY2d 489, 494-495; Bunting v Haynes, 104 AD3d 715, 716; Dos Santos v Power Auth. of State of N.Y., 85 AD3d 718, 721). The doctrine can be used in certain cases to "allow[ ] a jury to consider the circumstantial evidence and infer that the defendant was negligent in some unspecified way" where a plaintiff "to whom the defendant owes a duty of care is not in a position to prove directly what actually happened or that a specific act of the defendant was negligent" (Morejon v Rais Constr. Co., 7 NY3d at 205-206).
Only in the rarest cases will a plaintiff be awarded summary judgment, or judgment as a matter of law in the course of a trial, by relying upon the doctrine of res ipsa loquitur (see id. at 209; Lau v Ky, 63 AD3d 801, 801). Since "the circumstantial evidence allows but does not require the jury to infer that the defendant was negligent . . . res ipsa loquitur evidence does not ordinarily or automatically entitle the plaintiff to [judgment as a matter of law] . . . even if the plaintiff's circumstantial evidence is unrefuted" (Morejon v Rais Constr. Co., 7 NY3d at 209). A plaintiff is only entitled to a directed verdict in such cases when his or her "circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (id.; see Bunting v Haynes, 104 AD3d at 716; Lau v Ky, 63 AD3d at 801; see also Keyser v KB Toys, Inc., 82 AD3d 713, 714; Crockett v Mid-City Mgt. Corp., 27 AD3d 611, 612; Weeden v Armor El. Co., 97 AD2d 197, 204).
Here, the plaintiff failed to establish that there was no valid line of reasoning and permissible inferences by which the jury could have concluded that the defendants were not at fault [*2]in the happening of the accident. The plaintiff's reliance on the doctrine of res ipsa loquitur was misplaced, as the evidence adduced at trial failed to establish that the agency or instrumentality of the accident was pizza dough trays within the exclusive control of the defendants. Moreover, the evidence did not so preponderate in favor of the plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). Therefore, the verdict was not contrary to the weight of the evidence. Thus, we agree with the Supreme Court's determination denying the plaintiff's motion.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court