Dyer-Crewe v Schindler El. Corp. (2022 NY Slip Op 03069)

Dyer-Crewe v Schindler El. Corp.

2022 NY Slip Op 03069

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 159595/14 Appeal No. 15918 Case No. 2021-01691 

[*1]Yvonne Dyer-Crewe, Plaintiff-Respondent,
v
Schindler Elevator Corporation, Defendant-Appellant.

Sabatini & Associates, New York (Steve S. Efron of counsel), for appellant.
Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, Great Neck (Howard Schatz of counsel), for respondent.

Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered on or about April 30, 2021, which granted plaintiff's motion for summary judgment on liability, unanimously reversed, on the law, without costs, and the motion denied.
Triable issues remain as to whether the alleged misleveled elevator car (elevator 76 at the Montefiore building) presented a hazardous condition, as there were conflicting witness estimates of the height differential (see generally Munasca v Morrison Mgt. LLC, 111 AD3d 564, 564 [1st Dept 2013]). The evidence was also conflicting as to whether defendant had actual or constructive notice of the alleged hazardous condition. While there were two or three records indicating prior complaints as to mis-leveling, none of them specified the Montefiore elevator at issue. Most of the witnesses who claimed to have experienced elevator malfunctions never reported them. While plaintiff testified that she previously experienced elevator 76 mis-leveling on two occasions, no service records were offered to indicate prior repairs made to address mis-leveling issues with elevator 76. Furthermore, several Montefiore employees testified to their use of elevator 76 for years without experiencing a mis-leveling incident. Since the evidence is to be "viewed in the light most favorable to the non-moving party" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]), triable issues remain whether defendant had knowledge of the alleged mis-leveling condition of elevator 76, or whether it failed to exercise "reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]). 
Plaintiff's contention that defendant's liability has been established under the theory of res ipsa loquitur is unavailing. Given the triable issues here, this is not one of the "rarest of res ipsa loquitur cases" where summary judgment is warranted (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; see Aponte v Bronx Preserv. Hous. Dev. Fund Corp., 202 AD3d 401, 402 [1st Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022