Sagoe v Danella Constr. of NY, Inc. (2024 NY Slip Op 04931)

Sagoe v Danella Constr. of NY, Inc.

2024 NY Slip Op 04931

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 20689/16 Appeal No. 2746 Case No. 2023-02814 

[*1]Emmanuel Sagoe, et al., Plaintiffs-Respondents-Appellants,
v
Danella Construction of NY, Inc., Defendant-Appellant-Respondent.

Gerber Ciano Kelly Brady LLP, Buffalo (Matthew S. Lerner of counsel), for appellant-respondent.
The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 20, 2023, which denied plaintiffs' motion for summary judgment on liability and denied defendant's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs did not demonstrate prima facie that the pothole in the roadway that caused the accident resulted from defendant's negligence in handling the care of and covering of the excavation site. The statements of defendant's foreman, which plaintiffs submitted in support of their motion, and the photographs of the scene taken three days prior to the accident, raised a triable issue of fact. Moreover, even if plaintiffs made a prima facie showing of the cause of the accident, the testimony of the foreman, his supervisor, and defendant's expert were sufficient to raise an issue of fact concerning the cause of the pothole. The doctrine of res ipsa loquitur does not apply here because the roadway where the accident occurred was not in defendant's exclusive control after its work was completed (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]).
We further hold that defendant also failed to make a prima facie showing that the pothole did not result from its negligence. The photographs of the scene taken after the accident show a pothole only partially covered by a metal plate. This raises an issue of fact as to whether defendant properly secured the excavation site, and whether the metal plate was correctly affixed to the surface of the pothole on the date of the accident, as it claimed. Defendant's expert cited possible causes of the pothole, but he did not opine that any of those conditions resulted in its creation. The foreman cited a water condition but admitted that he did not know what caused the pothole's formation. Thus, defendant failed to show that there was no triable issue of fact as to its negligence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024