■ CECILIA GARCIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about September 20, 1991, which denied defendant's motion for summary judgment, unanimously reversed, on the law, defendant's motion is granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

At approximately 12:30 P.M. on April 10, 1987, plaintiff, a tenant in defendant's housing project building, 1595 Madison Avenue, sustained a fracture to her right arm when she slipped and fell on an internal stairwell in the building. She commenced this action on or about September 1, 1987, seeking damages for personal injuries, claiming that she had slipped on a puddle of vomit which defendant had permitted to remain on the stairwell for an unreasonable period of time. Upon examination of this record, we conclude that the evidence adduced by plaintiff, with respect to both causation and notice, is legally insufficient to establish a prima facie case and, accordingly, that defendant's motion for summary judgment should have been granted.

At a hearing pursuant to General Municipal Law § 50-h, held July 13, 1987, plaintiff testified that she had slipped on the third step of the stairwell, and that she had never actually seen the vomit, either before or after her fall. Plaintiff further testified that her live-in companion, Ebodio Garcia, had told her that she had slipped on the vomit, which he had first observed on the morning of the accident. When deposed on December 28, 1988, however, Mr. Garcia testified that he had not entered the stairwell that morning, and that he had only seen the vomit—which he placed on the seventh step—*after* coming to plaintiff's aid.

Another witness, Maria Maldonado, also testified that she

had seen vomit on the stairwell after plaintiff fell. Ms. Maldonado signed a statement days after the accident, on April 17, 1987, asserting that the building's stairwells "are continually dirty". At her deposition on September 14, 1989, however, she testified that, "I can't say the stairs were dirty because they clean every day". Ms. Maldonado also testified that the puddle was in the middle of the 13-step stairwell.

In light of the fact that plaintiff testified she fell from the third step and never saw vomit, while Mr. Garcia and Ms. Maldonado testified that vomit was present at or about the middle of the stairwell, plaintiff failed to make a causal connection between the alleged defect and her accident. Absent a showing that "but for" the vomit she would not have fallen, defendant's motion for summary judgment could not be overcome (see, Gilchrist v City of Troy, 67 NY2d 1034, 1035).

Plaintiff's complaint further suffers from a failure to establish that defendant had either actual or constructive notice of the hazardous condition (see, Trujillo v Riverbay Corp., 153 AD2d 793, 794). No claim of actual notice was made and, with respect to constructive notice, plaintiff was required to show that the defect was "visible and apparent and * * * exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). Where, as here, there is no evidence indicating the length of time the defect was in existence prior to plaintiff's accident, constructive notice is not established (Torri v Big V, 147 AD2d 743, 744; see also, Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 251, affd 64 NY2d 670). Nor does the holding in Negri v Stop & Shop (65 NY2d 625), relied upon by plaintiff, provide support for her position. There, a slippery condition was created by broken baby food jars in a supermarket aisle, and a witness testified to having heard no noises of breaking or falling glass as she shopped in the immediate vicinity, for 15 to 20 minutes before plaintiff's fall. It was further established that the aisle in which plaintiff slipped had not been cleaned or inspected for at least 50 minutes before the accident. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.