■ DONNA ROTHSTEIN, Appellant, v STATE OF NEW YORK, Respondent. [726 NYS2d 636] —Order, Court of Claims, New York County (Alan Marin, J.), entered April 10, 2000, which, after a non-jury trial, denied appellant's claim seeking damages for personal injury, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded for a new trial.

At about 1:30 P.M. on a sunny weekday afternoon, the claimant, Donna Rothstein, tripped and fell over barbed wire which was lying across the sidewalk outside the New York State Armory on Martling Avenue in Staten Island. On the date of the accident, JAT Development was performing site improvements at the Armory pursuant to a contract with the State. JAT's duties included the removal of poison ivy, poison oak, dead trees, and the replacement of fencing. In order for its trucks to gain access to the Armory property, JAT had to remove the existing fencing along Martling Avenue. The superintendent of the Armory testified at trial that JAT rolled up the original fencing with barbed wire and placed it on the grass next to the sidewalk. The sidewalk near the opening of the fence was covered with dirt, leaves, and tire tracks. At the direction of the State superintendent, JAT placed cones on the grass next to the sidewalk and caution tape around a tree in the grass. The State superintendent testified at trial that she conducted inspections of the area at least every other day.

From about 50 feet away, the claimant saw the cones and

the caution ribbon around the tree. From 20 feet, she observed wire fencing rolled up in the grass near the cones and the tree, but she did not see the barbed wire lying across the sidewalk. Rothstein testified at trial that the barbed wire was hidden by dirt and leaves. While she was lying on the ground after her fall, the claimant first noticed the wire entangled with her pants. Photographs of the area, taken by the claimant's husband on the day after the accident, were admitted into evidence.

After trial, the Court of Claims dismissed the action against the State, based upon the rule that a property owner who has engaged an independent contractor to perform construction on the premises is not liable for the contractor's negligence while the work is in progress (*see, Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668; Restatement [Second] of Torts § 409). We reverse, and reinstate the complaint.

One of a number of settled exceptions to the rule exempting a property owner from liability for the negligence of its independent contractor is a situation where the contractor's negligence causes a dangerous condition on a sidewalk or public highway (*Boylhart v Di Marco & Reimann*, 270 NY 217, 221; *Rohlfs v Weil*, 271 NY 444; *see also Thomassen v J & K Diner*, 152 AD2d 421, 424, *appeal dismissed* 76 NY2d 771 [nondelegable duty of an owner of property to provide safe means of ingress and egress to a member of the public invited into a place of public assembly]). The owner/employer is subject to liability here upon the theory that the responsibility to keep public thoroughfares safe is so important to the community that the employer should not be permitted to transfer liability therefor to another (*Boylhart, supra*). Because JAT's work at the Armory involved removing a fence next to the sidewalk and repeatedly using the path across the sidewalk for its trucks to gain access to the work site, the Court of Claims erroneously concluded that the State was not responsible for making sure this area was kept safe for pedestrians (*Thomassen, supra*). The complaint against the State is reinstated, and the matter remanded for a new trial. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.