LORRAINE PAPPAS, Respondent, v GREATER NEW YORK SAVINGS BANK et al., Defendants, and MERLON MANAGEMENT CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. CHRIS RUBBISH REMOVAL, Third-Party Defendant-Respondent. [747 NYS2d 176]

Appellants' motion for summary judgment was properly denied. Appellants, who operated and controlled the building abutting the public sidewalk, had a nondelegable duty to maintain said building in a manner not to cause injury to those lawfully on the sidewalk such as plaintiff and could be held liable for a dangerous condition, even if caused by an independent contractor (*see Rothstein v State of New York*, 284 AD2d 130, 131). Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.