■ Beata Kopinska, Respondent, v Metal Bright Maintenance Company, Inc., et al., Respondents, and Two Park Company et al., Appellants. [766 NYS2d 21] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about April 9, 2003, which, inter alia, denied defendants-appellants' motion for summary judgment dismissing the complaint and cross claims against them, unanimously affirmed, without costs.

Plaintiff allegedly sustained injuries when fluid containing bleach, that was being used by employees of defendant contractors to clean the exterior of the building owned and managed by defendants-appellants, was sprayed in such a manner that it fell upon her as she walked on the public sidewalk abutting the building. While a property owner ordinarily is not responsible for the negligence of an independent contractor retained to work upon its property (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]), defendants-appellants nonetheless were under a nondelegable duty to see that the

maintenance of their building posed no hazard to those lawfully on the sidewalk (*see Pappas v Greater N.Y. Sav. Bank,* 297 AD2d 584 [2002]; *Rothstein v State of New York,* 284 AD2d 130, 131 [2001]), and would be answerable for the negligence of their independent contractor if the work performed for their benefit was known by them to be inherently dangerous (*see Rosenberg,* 79 NY2d at 669). Accordingly, inasmuch as the record is insufficient to warrant the legal conclusion that defendants-appellants may not be held accountable for the alleged negligence of their independent contractor under either of these theories, the motion for summary judgment dismissing the complaint as against them was properly denied since it is premature at this time (*see Emmons v City of New York,* 283 AD2d 244, 245 [2001]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.