■ REGINA JOYCE, Respondent, v MANHATTAN COLLEGE et al., Appellants. [767 NYS2d 216]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered March 25, 2003, which denied defendants' respective motion and cross motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff, an instructor at defendant Manhattan College, alleges that while crossing the campus she slipped and fell, sustaining injury, when a metal plate covering a trench excavated by defendant T. Moriarity & Sons, Inc. shifted underneath her foot. Factual questions preclude summary judgment in favor of defendant contractor; specifically, whether it created "a dangerous or defective condition" so as to impose liability (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]) and whether the resulting condition was open and obvious so as to obviate any duty to warn of the potential danger (*see Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072 [1992]). Although defendant college is not generally liable for the negligence of an independent contractor, its duty to keep its premises reasonably safe is nondelegable (*see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]; *Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668 [1992]; *see also Backiel v Citibank, N.A.*, 299 AD2d 504 [2002]). Thus, a question of fact remains whether the condition complained of existed for a sufficient period of time to permit the college to discover it and

take remedial measures (*see Garcia v New York City Hous. Auth.*, 183 AD2d 619, 620 [1992], citing *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.