■ Cynthia Milligan, Respondent, v Banco Popular, Appellant, et al., Defendants. [776 NYS2d 237]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 20, 2003, which, in an action for personal injuries sustained in a slip and fall on defendant-appellant bank's premises, insofar as appealed from as limited by the briefs, denied the bank's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that she slipped and fell on pieces of formica as she stopped at a counter in the bank to fill out a withdrawal slip. At the time, modifications were being made to the counter for which the bank had hired defendant contractor. There is evidence that the work on the counter began the day before the accident and was performed during regular banking hours, and that a worker was cutting the counter down in size when plaintiff fell. The bank claims that it cannot be held liable to plaintiff because the contractor was responsible for cleaning up and it had no notice of any formica or other debris at or near the counter at the time of plaintiff's fall.

It does not avail the bank that its contractor was responsible

for cleaning up since an owner of premises open to the public cannot delegate to a contractor its duty to the public to keep its premises safe (*see Joyce v Manhattan Coll.*, 1 AD3d 202 [2003], citing, inter alia, *Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993], and *Backiel v Citibank*, 299 AD2d 504 [2002]; *see also Kopinska v Metal Bright Maintenance Co.*, 309 AD2d 633 [2003]). The bank fails to satisfy its initial burden of showing as a matter of law that it had no notice of the allegedly dangerous formica debris created by the contractor (*see Joyce*; *Kucera v Waldbaums Supermarkets*, 304 AD2d 531, 532 [2003]). While the bank's facilities manager states that he lacked personal knowledge of conditions around the counter at the time of the accident, in view of the fact that the work was being performed during regular banking hours in the presence of bank employees as well as customers, his statement that the bank never received any complaints about such conditions prior to the accident is insufficient to show lack of notice. The bank's assistant manager of operations, who was present on the premises at the time of the accident, could not recall whether she saw any debris around the counter on the day of the accident. In addition, her deposition testimony does not adequately address the layout of the premises and the number and stationing of the bank's employees and how long the worker had been cutting the counter before plaintiff fell (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). In addition, although the bank knew or should have known that the contractor would be cutting the counter, there is no evidence that the bank took any measures to keep customers away from the area. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.