■ Samuel Alan Spearin, Appellant, v Linmar, L.P., et al., Respondents. [27 NYS3d 156]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 24, 2014, which, insofar as appealed from, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff was not entitled to summary judgment against defendant United Woodtank Corporation under a res ipsa loquitur theory of negligence. The record presents triable issues of fact as to whether the piece of wood that allegedly struck plaintiff was within United's exclusive control (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Galue v Independence 270 Madison LLC*, 119 AD3d 403 [1st Dept 2014]). "[P]laintiff's circumstantial proof [was not] so convincing and the defendant's response so weak that the inference of defendant's negligence [wa]s inescapable" (*Morejon*, 7 NY3d at 209).

Plaintiff's motion was properly denied as against defendant Linmar, L.P., because there are triable issues as to whether Linmar had violated its nondelegable duty of care to pedestrians passing by its premises by failing to erect any safety devices for the duration of United's work. Furthermore, plaintiff did not establish, as a matter of law, that the work performed by the independent contractor was inherently dangerous (*see Kopinska v Metal Bright Maintenance Co.*, 309 AD2d 633 [1st Dept 2003]; *see generally Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.