Jainsinghani v One Vanderbilt Owner, LLC (2018 NY Slip Op 04840)





Jainsinghani v One Vanderbilt Owner, LLC


2018 NY Slip Op 04840


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7010 160545/15

[*1]Priya Jainsinghani, Plaintiff—Appellant,
v
One Vanderbilt Owner, LLC, et al., Defendants—Respondents.


Jason Levine, New York, for appellant.
Cornell Grace, PC, New York (Keith D. Grace of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 31, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on liability on the basis of res ipsa loquitur, unanimously affirmed, without costs.
Plaintiff seeks to recover damages for injuries that she allegedly sustained when she was hit in the head by a plexiglass cover from a lighting fixture underneath a sidewalk bridge erected on a construction and demolition project on which defendant Waldorf Exteriors, LLC d/b/a/ Waldorf Demolition (Waldorf) was the general contractor.
Subsequently, on September 25, 2015, the Department of Buildings issued a notice of violation pursuant to Building Code § 3301.2 for failure to safeguard personnel and property noting that "plexiglass from signage that was attached to the exterior of the building came loose" and struck plaintiff in the head while she walked under the sidewalk bridge. A hearing was thereafter held before the City of New York Environmental Control Board on the violation. Waldorf was found to be in violation of, inter alia, Building Code § 3301.2. A civil penalty was assessed.
The IAS court properly denied plaintiff's motion seeking partial summary judgment on liability. Summary judgment under res ipsa loquitur is appropriate only in "exceptional cases" and not where, as here, there are issues of fact with respect to the exclusivity of control over the instrumentality that allegedly caused the injury (see Galue v Independence 270 Madison LLC, 119 AD3d 403 [1st Dept 2014]; Spearin v Linmar, L.P., 137 AD3d 571, 572 [1st Dept 2016]).
It is undisputed that a large red-tile composed of composite material fell and struck plaintiff and her co-worker. A photograph proffered by plaintiff, taken prior to the occurrence of the accident, before work began at the construction site, depicts a MTA fixture surrounded by red tile affixed to 51 East 42nd Street. On this record, plaintiff has not established that the owner, One Vanderbilt, or Waldorf had exclusive control over the MTA fixture (see Kosakowski v 1372 Broadway Assoc., LLC, 160 AD3d 567 [1st Dept 2018].
Although Waldorf violated the Building Code, this only constitutes "mere evidence of negligence and not negligence per se" (Vasquez v Soriano, 106 AD3d 545, 545 [1st Dept 2013]; see also Elliot v New York, 95 NY2d 730 [2001]).
Furthermore, the affidavit of Waldorf's expert createsd issues of fact as to whether "the [*2]inference of [Waldorf's] negligence is inescapable" (Morejon v Rais Const. Co., 7 NY3d 203, 209 [2006]). Plaintiff failed to rebut the expert's opinion. Thus, summary judgment was inappropriate (see Morejon v Rais Const. Co., 7 NY3d 203, 207 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK