Deutsche Bank Natl. Trust Co. v Lewis (2020 NY Slip Op 04686)





Deutsche Bank Natl. Trust Co. v Lewis


2020 NY Slip Op 04686


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


470 CA 19-02130

[*1]DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SECURITIZED ASSET BACKED TRUST RECEIVABLES LLC TRUST 2007-BRI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-BRI, PLAINTIFF-APPELLANT,
v
EDWARD J. LEWIS, DEFENDANT-RESPONDENT, DAIMLER CHRYSLER FINANCIAL SERVICES, ET AL., DEFENDANTS. 






BLANK ROME LLP, NEW YORK CITY (TIMOTHY W. SALTER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
DOMBROW LAW FIRM, SYRACUSE (RUSSELL W. DOMBROW OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered April 29, 2019. The order denied plaintiff's motion for summary judgment and granted the cross motion of defendant Edward J. Lewis for summary judgment dismissing the complaint and for leave to amend the answer to include a counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this mortgage foreclosure action alleging that Edward J. Lewis (defendant) defaulted by failing to pay his monthly mortgage installments. Plaintiff, as limited by its brief, appeals from an order insofar as it granted that part of defendant's cross motion for summary judgment dismissing the complaint against him on the ground that the action is time-barred because it accrued when a prior foreclosure action, which was later dismissed, was commenced (see CPLR 213 [4]). We affirm.
Contrary to plaintiff's contention, defendant met his initial burden of establishing that the action is untimely (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [2d Dept 2018]). " With respect to a mortgage payable in installments, separate causes of action accrue[ ] for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due' " (Wilmington Sav. Fund Socy., FSB v Fernandez, 179 AD3d 79, 81 [4th Dept 2019]). However, "[i]f the mortgage holder accelerates the debt by a demand or by commencement of a foreclosure action, the statute of limitations begins to run on the entire debt" (Ditech Fin., LLC v Corbett, 166 AD3d 1568, 1568 [4th Dept 2018]). Here, in support of the cross motion, defendant submitted plaintiff's complaint in the prior foreclosure action, which was filed on May 20, 2008 and "declare[d] immediately due and payable the entire unpaid balance of principal." Thus, defendant established that the mortgage debt was accelerated on that date and that the six-year statute of limitations applicable to mortgage foreclosure actions had expired by the time plaintiff commenced the instant action on April 6, 2015 (see Deutsche Bank Natl. Trust Co., 157 AD3d at 935).
Contrary to plaintiff's related contention, it failed to raise a triable issue of fact " whether the statute of limitations was tolled or otherwise inapplicable, or whether . . . plaintiff actually commenced the action within the applicable limitations period' " (Bank of N.Y. Mellon v [*2]Dieudonne, 171 AD3d 34, 39 [2d Dept 2019], lv denied 34 NY3d 910 [2020]). It is well settled that "[a] lender may revoke its election to accelerate the mortgage, [although] it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1484 [4th Dept 2018] [internal quotation marks omitted]). Additionally, "de-acceleration notices must . . . be clear and unambiguous to be valid and enforceable" (Milone v US Bank N.A., 164 AD3d 145, 153 [2d Dept 2018], lv dismissed 34 NY3d 1009 [2019]). Plaintiff failed to establish that the correspondence that it sent to defendant during the six-year limitations period constituted an unambiguous affirmative act of de-acceleration (see Deutsche Bank Natl. Trust Co., 157 AD3d at 935-936).
Finally, we reject plaintiff's contention that under these circumstances the exercise of its option to accelerate the payments did not take effect until the entry of a judgment of foreclosure (see Bank of N.Y. Mellon, 171 AD3d at 39-40; see also Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1207 [3d Dept 2020]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court