Solomon v Diego Beekman Mut. Hous. Dev. Fund Corp. (2021 NY Slip Op 00514)





Solomon v Diego Beekman Mut. Hous. Dev. Fund Corp.


2021 NY Slip Op 00514


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 28780/17E Appeal No. 12977 Case No. 2020-03967 

[*1]Tracy W. Solomon, Plaintiff-Respondent,
v
Diego Beekman Mutual Housing Development Fund Corp., Defendant-Appellant.


Molod Spitz & DeSantis, P.C., New York (David Owens and Marcy Sonneborn of counsel), for appellant.
Mirman, Markovitz & Landau, P.C., New York (David Weissman of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.) entered on or about May 29, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action for personal injuries allegedly sustained when she tripped and fell as she ascended the interior staircase of defendant's building. Defendant failed to establish, prima facie, that the gap on the stairway riser on which plaintiff allegedly caught her flip-flop was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 81-82 [2015]; Arpa v 245 E. 19th Realty, 188 AD3d 479 [1st Dept 2020]). Further, there are triable issues of fact as to whether the defendant lacked constructive notice of the alleged defect (see Flanders v Sedgwick Avenue Assoc., LLC, 156 AD3d 504 [1st Dept 2017]). Defendant proffered no evidence as to when the staircase was last inspected and a jury could infer from the photographs of the defective condition that it was there for a sufficient length of time for defendant to have discovered and remedied it (see id.).
Since defendant failed to meet its prima facie burden, the motion must be denied regardless of the sufficiency of plaintiff's opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021