## Johnson v Carnegie Hall Corp.

2024 NY Slip Op 31138(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 156338/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    <u>HON. DAVID B. COHEN</u> | PART      58 |
| *Justice* | |

-------------------------------------------------------------------------------X

PETER JOHNSON,

                         Plaintiff,

                       - v -

THE CARNEGIE HALL CORPORATION, CARNEGIE HALL
INSTITUTE OF ADVANCED MUSICAL STUDIES,
INC.,CARNEGIE HALL STUDIOS ASSOCIATION,
INC.,CARNEGIE HALL TOWER II, L.L.C., CARNEGIE HALL
TOWER L.L.C., TEMCO SERVICE INDUSTRIES, INC.,

                         Defendants.

-------------------------------------------------------------------------------X

THE CARNEGIE HALL CORPORATION

                         Plaintiff,

                      -against-

                         Defendant.

-------------------------------------------------------------------------------X

THE CARNEGIE HALL CORPORATION

                         Plaintiff,

                      -against-

TRI STATE MARBLE CORP.

                         Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.**      156338/2019

**MOTION DATE**    08/09/2023, 09/13/2023, 09/13/2023

**MOTION SEQ. NO.**    005 006 007

### DECISION + ORDER ON MOTION

Third-Party
Index No.   595997/2020

Second Third-Party
Index No.   596023/2020

The following e-filed documents, listed by NYSCEF document number (Motion 005) 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 257, 278, 279, 286, 287, 288, 289, 290, 291, 292

were read on this motion to/for                  <u>JUDGMENT - SUMMARY</u>    .

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.   005 006 007**

**Page 1 of 15**

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 006) 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 256, 295, 296, 299, 300, 302

were read on this motion to/for                DISMISSAL             .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 280, 281, 282, 283, 284, 285, 293, 294, 297, 298, 301, 303

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER     .

In this trip and fall personal injury action, plaintiff moves for an order granting him partial summary judgment on liability against defendants The Carnegie Hall Corporation (Carnegie) and Temco Service Industries, Inc. (Temco). Carnegie and second and third third-party defendant Tri State Marble Corp. (Tri) oppose. Temco opposes and cross-moves for an order granting it summary judgment dismissing the complaint and all cross-claims against it, or, alternatively, granting it judgment on its common law indemnity claim against Tri. Plaintiff and Carnegie oppose the cross-motion, while Tri partially opposes (mot. seq. 005).

By notice of motion, Tri moves pursuant to CPLR 3212 for an order dismissing the second third-party complaint (mot. seq. 006). Temco opposes.

In motion sequence seven, Carnegie moves pursuant to CPLR 3212 for an order granting it summary dismissal of plaintiff's complaint and any cross-claims and counterclaims against it, summary judgment on its claims against Temco for contribution and contractual and common-law indemnity, and failure to procure insurance, and summary judgment on its claims against Tri for contribution and common-law indemnity. Plaintiff, Temco, and Tri oppose the motion.

## I.     PERTINENT BACKGROUND

At plaintiff's deposition held on August 20, 2020, he testified as follows (NYSCEF 174):

On September 15, 2016, he was injured outside of Carnegie Hall in Manhattan, New York, as he walked down 57th Street toward Seventh Avenue while heading toward the entrance of the Hall on 57th Street.

**156338/2019 JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No. 005 006 007**

**Page 2 of 15**

[* 2]

While he was walking and looking ahead, his left toe got caught on the sidewalk and he fell forward. When he looked behind him to see what caused his fall, he saw that there was an approximately one-inch gap in the sidewalk where the slabs were unlevel. Photographs taken of the gap reflect a white material, or caulk, in between them, but plaintiff did not slip on the caulk. Rather, he fell because one slab was higher than the other.

Pictures taken of the area show a space or gap between two sidewalk slabs, with a small portion of caulking in the gap (NYSCEF 175).

It is undisputed that the premises is owned by the City of New York and leased to Carnegie, and Carnegie is responsible for general maintenance and cleaning. Part of maintenance includes caulking the sidewalk, including the expansion joints, and in 2016, Carnegie hired Temco to caulk the entire sidewalk, and to remove old caulking, insert new caulk, protect it while it cured, remove the protection, and ensure the product met good standards. Temco hired Tri to perform the work, which was done from August 19, 2016 to September 3, 2016, including the sidewalk on 57th Street, which was done on August 2 and 3, 2016 (NYSCEF 167, 183, 218, 231, 233, 289, 291)[1].

Carnegie's Chief Administrative Officer, Richard Malenka, testified at a deposition on Carnegie's behalf. As pertinent here, he testified that he oversees all building maintenance and repairs, including repairs to the sidewalks abutting Carnegie's property. At the time of plaintiff's accident, Carnegie employed porters who were responsible for inspecting the sidewalks, with inspections expected to occur every day. The inspections were limited to general cleanliness, and not sidewalk defects, although the porters were directed to report any dangerous conditions

---

[1] The parties are advised that when drafting a statement or counter-statement of material facts as required by 22 NYCRR 202.8-g, the only available options are to either admit a proposed fact or controvert it, and the failure to controvert it means that the fact is deemed admitted (22 NYCRR 202.8-g[c]).

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**                         **Page 3 of 15**
  **Motion No.  005 006 007**

on the sidewalk, such as a tripping hazard. Malenka did not recall receiving any complaints or incident reports about the sidewalk before plaintiff's accident (NYSCEF 176).

Malenka inspected the sidewalks for defects approximately once a year, including the state of the flags and caulking and overall safety. In 2016, Malenka had visually inspected the sidewalk and determined that it was time to re-caulk it. After Temco finished recaulking the sidewalk, Malenka inspected it, including looking in between sidewalk flags, and found no problems with it (*id.*).

Temco's Director of Contracts testified that in August 2016, Carnegie hired Temco to provide caulking services, and Temco subcontracted the work to Tri (NYSCEF 178).

Tri's Sales and Project Manager testified at a deposition that Tri worked on three different sidewalk areas for Carnegie, on three separate weekends. The work involved cutting, caulking, and re-caulking the expansion joints in the sidewalk. While he personally did not perform any of the work, he inspected it afterwards and found that the work had been done properly. To his knowledge, the work only involved expansion joints in the sidewalk, and did not involve checking sidewalk flags for evenness or levelness. If there was a slight incline between sidewalk flags or slabs, caulk would be applied to touch each part of the slab. Temco had nothing to do with the work other than subcontracting it to Tri (NYSCEF 179).

He identified a photograph shown to him as depicting an expansion joint with caulk in it, and testified that if one of his workers had seen the joint in that condition, he would have expected the worker to fill it in with caulk. It appeared to him that the caulk was missing and/or had sunk down. He could not tell if Tri workers had worked on the joint in issue (*id.*).

Two days after plaintiff's accident, plaintiff was admitted to Riverview Medical Center for a "lumbar pain exacerbation." According to the certified medical records submitted by

156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION
Motion No.  005 006 007

Page 4 of 15

4 of 15

defendants, plaintiff "report[ed] that as of Thursday, he was lifting something while in New York City and subsequent to that he noted a severe pain exacerbation radiating into his left lower extremity." The same physician dictated on September 19, 2016 that plaintiff "felt significant pain in his back and radiating down his left lower extremity after getting out of a taxi in New York City 6 days ago." On September 27, 2016, another physician examined plaintiff and wrote that plaintiff "report[ed] that approximately 2 weeks prior to admission, he experienced exacerbation of his lower back pain while getting out of a taxi when he felt a pop in his lower back." There is no mention in these records of any issue related to a sidewalk or plaintiff tripping or falling on the sidewalk (NYSCEF 226).

Plaintiff also filed for workers' compensation benefits, and a transcript of the hearing held on January 10, 2019 reflects that plaintiff's then-coworker testified that plaintiff had told him he was injured while riding in or exiting a taxicab (NYSCEF 227). An appeal of the workers' compensation judge's decision reflects that plaintiff testified at the hearing that he had tripped and fallen on the sidewalk (NYSCEF 228).

## II.    PLAINTIFF'S MOTION AGAINST CARNEGIE AND TEMCO AND TEMCO'S CROSS-MOTION (seq. 005)

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.  005 006 007**

**Page 5 of 15**

5 of 15

Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324). The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*).

Plaintiff alleges that Carnegie may be held liable as it caused or permitted the unsafe condition to exist on the sidewalk, and as Carnegie was responsible for maintaining and repairing the sidewalk. He also contends that Carnegie had actual and/or constructive notice of the condition, as it hired Temco to recaulk the sidewalk because the existing caulking had deteriorated and needed to be replaced, but Temco failed to recaulk the area of the sidewalk where plaintiff fell. Plaintiff also relies on the photographs of the alleged defect to establish that the unsafe condition existed and that the gap or hole between the two sidewalk flags was approximately an inch high, sufficient to constitute a trip hazard under New York City Administrative Code 19-152. For the same reasons, plaintiff maintains that Temco may be held liable to him as it failed to properly recaulk the sidewalk, thereby launching a force or instrument of harm (NYSCEF 166).

Carnegie argues that plaintiff has testified inconsistently as to the cause of the accident, thereby creating an issue of fact as to where and on what he allegedly tripped and fell. It also contends that plaintiff has not established, prima facie, that Carnegie had notice of the alleged condition or created it, or that the condition is an actionable, non-trivial defect. Carnegie observes that the photographs were taken of the alleged defect three to six months after the accident, and that there is no testimony that the area where plaintiff allegedly fell was unchanged since the accident (NYSCEF 217).

156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION
Motion No.  005 006 007

Page 6 of 15

[* 6]

Temco contends that it did not owe plaintiff a duty of care as an independent contractor and as none of the *Espinal* factors are applicable, and even if it owed a duty, it did not breach it as it did not perform the caulking work at issue. Nor did Temco create or have notice of the alleged defect (NYSCEF 230).

As there is evidence that plaintiff has attributed several different causes to his back injury at issue, including that he tripped while getting out of a cab and/or that he tripped and fell on the sidewalk, he does not demonstrate, prima facie, that he was injured because of a defective sidewalk condition, and even if he had, defendants raise a triable issue as to his credibility, which must be resolved by a jury (*see Martinez v City of New York*, 190 AD3d 561, 561 [1st Dept 2021] ["any inconsistencies in plaintiff's testimony as to the cause of her fall present credibility issues for the jury's determination"]; *Martin v Hoar*, 158 AD2d 998 [4th Dept 1990] [as plaintiff's coworker asserted that plaintiff had told him entirely different version of how accident occurred, court properly denied plaintiff's motion for partial summary judgment on liability, as evidence raised issue of credibility as to plaintiff's testimony]).

While plaintiff claims that the statements in the medical record are inadmissible, two of the three statements are prefaced by the phrase "[plaintiff] reports," which indicates that plaintiff himself made the statements to the doctor, thus rendering the statements admissible as an admission as they are different than the version of the accident that he has asserted here (*Grechko v Maimonides Med. Ctr.*, 188 AD3d 832 [2d Dept 2020] [if entry in medical records is inconsistent with party's position at trial, it is admissible as admission by party if there is evidence connecting party to entry]). Moreover, even if inadmissible, hearsay may be considered in opposition to a summary judgment motion as long as it is not the only evidence, which is the case here (*Gupta v YM Pro Corp.*, 220 AD3d 442 [1st Dept 2023]).

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.  005 006 007**

**Page 7 of 15**

7 of 15

Plaintiff also failed to establish that the alleged defect was actionable and non-trivial, as he took no measurements of the defect, has no expert opinion regarding it, and the submitted photographs were taken months after his accident and there is no evidence that the defect was unchanged in those months. Even if the photographs accurately represent the defect, they do not show, as a matter of law, that it was not trivial (*see Gutierrez v Riverbay Corp.*, 262 AD2d 63 [1st Dept 1999] [pictures of depression in walkway did not demonstrate that it was trivial defect as matter of law]; *see also Powell v BLDG 874 Flatbush LLC*, 201 AD3d 534 [1st Dept 2022] [movants failed to establish, prima facie, that sidewalk defect was trivial and nonactionable, as they did not offer expert evidence or measurements to support argument]; *Pizzoli v New Hartford Cent. School Dist*., 186 AD3d 1084 [4th Dept 2020] [defendants did not show alleged defect was trivial as matter of law as they did not submit measurements and photographs were insufficient]; *McCullough v Riverbay Corp*., 150 AD3d 624 [1st Dept 2017] [plaintiff's testimony that defect was high enough to be non-trivial was speculative since she did not measure it]).

Moreover, it appears the alleged defect involves an expansion joint, rather than a sidewalk flag or slab. The regulations cited by plaintiff, New York Administrative Code 7-210 and 19-152, pertain to defective sidewalk flags, not expansion joints, and thus plaintiff fails to demonstrate that defendants violated an applicable statute or regulation (*see Fayolle v E. W. Manhattan Portfolio, L.P*., 108 AD3d 476 [1st Dept 2013] [plaintiff failed to show that statutorily-defined substantial defect existed or was actionable; alleged defect consisted of three-quarter-inch expansion joint which was not filled to grade level with a one-fourth-inch height differential between slabs, and while plaintiff alleged that failure to fill joint constituted negligence, he failed to identify applicable regulation or statute]).

156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION
Motion No.  005 006 007

Page 8 of 15

[* 8]

Nor has plaintiff shown that Carnegie had notice of the alleged defect, absent evidence of any prior accidents or complaints. That fact that Carnegie undertook to recaulk the surrounding sidewalks is not an admission that a defective sidewalk condition existed, and both Carnegie and Tri's witness testified that they inspected the sidewalks after the caulking project was finished and saw no defects.

Also, as discussed above, the photographs were not taken until months after the accident, and there is no evidence that they represent how the defect looked at the time of the accident (*see Shapiro v Hotel Corp. of Am.*, 25 AD2d 828 [1st Dept 1966] [no evidence offered as to duration of condition before accident, and photographs were taken months after accident and thus expert's opinion based solely on photographs was unduly speculative]; *see also Whiting v Bella Vista Dev. Corp.*, 267 AD2d 662 [3d Dept 1999] [photographs were insufficient to establish constructive notice as there was no proof that conditions depicted in photographs were substantially same as those existing at time of accident]).

Plaintiff thus fails to establish his entitlement to summary judgment on liability against Carnegie and Temco, and even if he had, they raise triable issues that would preclude summary judgment.

As to Temco's cross-motion for summary judgment, an independent contractor may be held liable to a plaintiff if any of the three *Espinal* factors are applicable: (1) when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm; (2) when the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) when the contracting party has entirely displaced another party's duty to maintain the premises safely (*Espinal v Melville Snow Contrs., Inc.*, 98 NY2d 136, 140 [2002]).

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.  005 006 007**

**Page 9 of 15**

9 of 15

Here, plaintiff alleges that Temco, in performing its duties, launched a force or instrument of harm by failing to properly caulk the expansion joint. However, it is undisputed that Temco performed no work and was not present at the accident location at any time before plaintiff's accident, and its only connection to the alleged defect is that it subcontracted the caulking work to Tri. Temco therefore demonstrates that it did not owe plaintiff a duty of care or that it breached that duty by launching a force or instrument of harm (*see Brandner v Boricua Coll. Dev. Corp*., 202 AD3d 616 [1st Dept 2022] [defendant entitled to summary dismissal as it was independent contractor and performed no work to sidewalk in area of plaintiff's fall]; *Miller v Infohighway Communications Corp*., 115 AD3d 713 [2d Dept 2014] [as defendants subcontracted work to another company and their involvement was limited to receiving updates and inspecting other company's work once completed, they showed that they did not perform work that allegedly caused accident, and thus could not be held liable for creating dangerous condition or otherwise launching force or instrument of harm]; *George v Marshalls of MA, Inc*., 61 AD3d 925 [2d Dept 2009] [as contractor subcontracted cleaning services to another company, it did not launch a force or instrument of harm]; *Cardozo v Mayflower Ctr., Inc*., 16 AD3d 536 [2d Dept 2005] [contractor which subcontracted work to another entity did not owe plaintiff duty of care]).

Nor did Temco have an independent duty to inspect the sidewalk for uneven or unlevel sidewalk flags (*see Rosenbum, Rosenfeld & Sonnenblick, LLP, v Excalibur Group NA, LLC*, 146 AD3d 489 [1st Dept 2017] [in absence of contract for routine maintenance, independent contractor has no duty to inspect or warn of defects]).

Plaintiff raises no triable issue in opposition, and there is no merit to its claim that Temco may be held vicariously liable for Tri's alleged negligence, given Temco's lack of oversight and

**156338/2019 JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No. 005 006 007**

**Page 10 of 15**

10 of 15

control over Tri's work (*see Brothers v New York State Elec. and Gas Corp.*, 11 NY3d 251 [2008] [party who retains independent contractor not liable for contractor's negligent acts, except for certain situations inapplicable here]).

Temco has therefore established that it may not be held liable for plaintiff's accident, and that summary dismissal of plaintiff's claims and any cross-claims asserted against it is warranted.

In opposition, Carnegie has not established that its cross-claim for contractual indemnity against Temco should not be dismissed, as the pertinent indemnity clause provides that Temco must indemnify Carnegie against any acts by it or other persons within its control in connection with the work at issue, and it is undisputed that Temco did not control Tri's work.

As to the breach of failure to obtain insurance claim asserted by Carnegie against Temco, it is addressed as part of Carnegie's motion for summary judgment (*infra.*, IV.).

In light of this result, this court does not consider whether Temco is entitled to summary judgment on its third-party common-law indemnity claim against Tri.

### III. TRI'S MOTION FOR SUMMARY JUDGMENT (seq. 006)

Tri moves for dismissal of the second-party complaint against it, arguing that Temco's claims against it for failure to procure insurance and contractual indemnity are meritless as their subcontract contained no such requirements. Tri further claims that Temco's common-law indemnity and contribution claims must be dismissed as Tri was not negligent and did not cause plaintiff's accident (NYSCEF 215).

Temco in opposition argues only that Tri's motion should be denied if Temco's cross-motion for summary judgment is not granted, and only as to its cross-claim for common-law indemnity, apparently conceding that its other third-party claims should be dismissed (NYSCEF 299).

**156338/2019 JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No. 005 006 007**

**Page 11 of 15**

11 of 15

[* 11]

As the complaint has been dismissed against Temco (*supra*., II.), Temco's second third-party complaint against Tri is dismissed.

### IV.    CARNEGIE'S MOTION FOR SUMMARY JUDGMENT (mot. seq. 007)

#### A.    Carnegie's motion for dismissal of the complaint and all cross-claims and counterclaims

Carnegie contends that to the extent that plaintiff tripped on its sidewalk, the alleged defect is trivial and not actionable. It observes that plaintiff's photographs were taken months after the accident and are insufficient to show that the defect was non-trivial. Moreover, Temco and Tri, not Carnegie, created the defect.

Plaintiff denies that the defect is trivial, and asserts that Carnegie had actual or constructive notice of it, but failed to repair it.

If the photographs accurately represent the condition of the sidewalk when plaintiff allegedly tripped on the alleged defect, Carnegie does not establish, as a matter of law, that the defect is trivial. Carnegie offers no measurement or expert opinion regarding the defect, and it is not apparent from the pictures that the gap between the two slabs is too small to be actionable. Carnegie may not rely on alleged gaps in plaintiff's proof to establish its prima facie case (*Bauseman v Pamdh Enter. Inc.*, 220 AD3d 561 [1st Dept 2023] [defendant moving for summary dismissal cannot just point to gaps in plaintiff's evidence, but must demonstrate its entitlement to dismissal]).

Even if Carnegie had met its burden, plaintiff raises a triable issue by alleging that he caught his toe in the gap, causing him to fall to the ground (*see Dominguez v OCG, IV, LLC*, 82 AD3d 434 [1st Dept 2011] [whether defect is trivial is generally matter for jury to decide, and photographs showed irregular, patched and worn surface, which was consistent with plaintiff's testimony that he fell when his foot became caught in crack on edge of step]; *Rivas v Crotona*

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.  005 006 007**

**Page 12 of 15**

12 of 15

*Estate Hous. Dev. Fund Co., Inc*., 74 AD3d 541 [1st Dept 2010] [defendant did not show that defect was trivial as photographs showed missing portion of tile in lobby, there was no evidence of depth of defect, and plaintiff testified that her heel got caught in hole caused by missing tile]; *see also Solomon v Diego Beekman Mut. Hous. Dev. Fund Corp*., 190 AD3d 660 [1st Dept 2021] [defendant failed to establish gap on stairway riser on which plaintiff caught her shoe was trivial as matter of law]).

Carnegie's denial of actual notice of the defect is based on Malenka's testimony that there were no accidents or complaints related to the accident location before plaintiff's accident, and that he inspected the sidewalk before paying Temco. However, Carnegie does not submit any evidence as to when the sidewalk was last inspected for sidewalk defects before plaintiff's accident, as Malenka testified that Carnegie employees inspected the sidewalk for general cleanliness and not sidewalk defects, and he only inspected the caulking work. Similarly, that Malenka "did not recall" any prior accidents or complaints does not establish, prima facie, that they did not occur. Carnegie thus fails to establish that it lacked actual notice of the alleged defect.

For the same reasons, and as the pictures taken of the defect appear to show a gap and worn or missing caulking, Carnegie does not demonstrate a lack of constructive notice of the alleged defect (*Solomon*, 190 AD3d at 660 [defendant did not show lack of constructive notice absent evidence of last inspection of staircase and jury could infer from photos that condition existed for sufficient length of time for defendant to have discovered and remedied it]).

Moreover, even if Tri created the alleged defect, Carnegie, as the entity responsible for maintaining the sidewalk at issue, bears a nondelegable duty to keep the sidewalk in a safe condition (*Wright v City of New York*, 223 AD3d 547 [1st Dept 2024]). Thus, while Carnegie

156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION
Motion No.  005 006 007

Page 13 of 15

13 of 15

[* 13]

may seek indemnity and/or contribution from Tri, it nevertheless may be held liable for its own negligence (*see Vullo v Hillman Hous. Corp.*, 173 AD3d 600 [1st Dept 2019] [although generally a party is not liable for contractor's negligent acts, exception arises when hiring party is under specific nondelegable duty, and defendant owner had nondelegable duty to maintain sidewalk]; *Pappas v Greater New York Savings Bank*, 297 AD2d 584 [1st Dept 2002] [as defendants operated and controlled building abutting public sidewalk, they had "a non-delegable duty to maintain said building in a manner not to cause injury to those lawfully on the sidewalk such as plaintiff and could be held liable for a dangerous condition, even if caused by an independent contractor"]).

B.     Carnegie's motion for judgment on its third-party claims against Temco and Tri

Given the existence of triable issues related to Carnegie's and Tri's negligence, if any, Carnegie is not entitled to judgment on its claim for common-law indemnity and contribution against Tri.

As Temco has been dismissed from this action (*supra*, II.), Carnegie is not entitled to contractual indemnity or contribution from it.  Carnegie's claim that Temco failed to obtain insurance coverage is rebutted by the applicable certificate of insurance, which names Temco as the insured and lists Carnegie as an additional insured, and contains the insurance coverage amounts required by the parties' agreement (NYSCEF 268).

Accordingly, it is hereby

ORDERED, that plaintiff's motion for partial summary judgment on liability against defendants The Carnegie Hall Corporation and Temco Service Industries, Inc. is denied in its entirety (mot. seq. 005); it is further

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.  005 006 007**

**Page 14 of 15**

14 of 15

ORDERED, that Temco's cross-motion for summary judgment is granted, and the complaint and any cross-claims asserted against it are severed and dismissed, and the clerk is directed to enter judgment accordingly; it is further

ORDERED, that second third-party defendant Tri State Marble Corp.'s motion for summary judgment dismissing the second third-party complaint filed by Temco is granted, and the second third-party complaint is severed and dismissed (mot. seq. 006), and the clerk is directed to enter judgment accordingly; it is further

ORDERED, that defendant The Carnegie Hall Corporation's motion for summary judgment is denied in its entirety (mot. seq. 007); and it is further

ORDERED, that the remaining parties appear for a settlement/trial scheduling conference on August 7, 2024 at 9:30 am, at 71 Thomas Street, Room 305, New York, New York.

**4/4/2024**
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156338/2019   JOHNSON, PETER vs. CARNEGIE HALL CORPORATION**
**Motion No.  005 006 007**

**Page 15 of 15**

[* 15]

15 of 15